```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORFOLK SOUTHERN RAILWAY COMPANY,   )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 04-1808
                                    )
CITY OF PITTSBURGH,                 )   Judge Conti
                                    )   Magistrate Judge Hay
        Defendant.                  )
_____

CITY OF PITTSBURGH,                 )
                                    )
        Third-Party Plaintiff,      )
                                    )
        v.                          )
                                    )
CHARLES L. DESMONE & ASSOCIATES     )
tdba DESMONE & ASSOCIATES           )
ARCHITECTS,                         )
                                    )
        Third-Party Defendants.     )
_____

CHARLES L. DESMONE & ASSOCIATES     )
tdba DESMONE & ASSOCIATES           )
ARCHITECTS,                         )
                                    )
        Fourth-Party Plaintiff,     )
                                    )
        v.                          )
                                    )
MAZZA ENGINEERING ASSOCIATES,       )
Inc.,                               )
        Fourth-Party Defendant      )
_____
```

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully submitted that the City of Pittsburgh's Motion for Supersedeas and Order Suspending Injunction During Pendency of Appeal Pursuant to Federal Rules of Civil Procedure 62(c) (dkt. no. 68) should be denied.

II.  REPORT

Plaintiff Norfolk Southern Railway Company ("Norfolk Southern") filed a tort action[1] against Defendant City of Pittsburgh (the "City") and, subsequently, a Motion for Preliminary Injunction asserting the need for injunctive relief to abate an alleged dangerous and life-threatening condition on the City's property, namely the unstable hillside immediately above Norfolk Southern's property on which several landslides had occurred causing damage to Norfolk Southern's property and creating a private nuisance.  On August 31, 2005, the district court issued an order granting the motion for preliminary injunction and subsequently ordered Norfolk Southern to post an injunction bond in the amount of $2.2 million.  The City has filed an appeal of the injunction order with the United States Court of Appeals for the Third Circuit.

The City now asks this Court to suspend the injunction pending disposition of the City's appeal.  In support of its motion, the City simply asserts that its appeal is meritorious and no exigent circumstances exist.

This Court has jurisdiction to entertain the City's motion.  CITE   The Court must consider four factors in determining whether to grant the stay:

---

[1]  The Complaint asserted a claim of public nuisance (Count I), private nuisance (Count II) and negligence (Count III).  The district court dismissed Count I at the time it entered the preliminary injunction.

2

>    (1) whether the stay applicant has made a strong
>    showing that he is likely to succeed on the
>    merits; (2) whether the applicant will be
>    irreparably injured absent a stay; (3) whether
>    issuance of the stay will substantially injure
>    other parties interested in the proceedings; and
>    (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987)(citations omitted); see also Freethought Society v. Chester County, 194 F.Supp.2d 437, 439 (E.D. Pa. 2002). The "burden of meeting this standard is a heavy one." Wright & Miller, Federal Practice and Procedure, § 2904 at 503-05. In our view, the City has not met the standard.

As to making a strong showing of likelihood of success on the merits, the City has not identified the arguments it intends to pursue on appeal and, thus, the Court is unable to evaluate whether there is any likelihood of success on the merits.

The second Hilton factor (whether the applicant will be irreparably injured absent a stay) is not satisfied here. The only potential "injury" to the City absent a stay is that the City would incur costs and expenses in connection with complying with the Court's injunction. However, such an injury cannot be "irreparable" since it can be compensated with money. See Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Norfolk Southern has posted an injunction bond in the amount of $2.2 million, payable to the City for reimbursement of costs and expenses if a court ultimately determines that the injunction was

improperly granted. Accordingly, the City faces no risk of injury from complying with the Court's injunction presently.

The third <u>Hilton</u> factor (potential injury to other interested parties) has not been demonstrated; nor does the Court perceive that any other party will suffer an injury through the City's compliance with the injunction order.

As well, the fourth <u>Hilton</u> factor (the public interest) weighs in favor of denying the stay. This Court found that there is a "presently existing actual threat" to Norfolk Southern's employees from the landslides at the Corfu Street location. The City has presented no evidence that that threat has been abated in any way.[2] As such, the public interest here must lie with the safety of the Norfolk Southern employees.

For the above-stated reasons, the district court should deny the City's Motion for Supersedeas and Order Suspending Injunction During Pendency of Appeal Pursuant to Federal Rules of Civil Procedure 62(c) (dkt. no. 68).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections

---

[2] The City asserts that its motion is "based on the record in this action," but notes that additional trains have passed the Corfu Street location safely through September 15, 2005. As Norfolk Southern points out, the evidentiary record was closed at the end of the hearing on June 9, 2005, and counsel's representation, however accurate it may be, is not part of the evidentiary record and will not be considered by the Court.

4

shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                        By the Court,

                        /s/ Amy Reynolds Hay
                        AMY REYNOLDS HAY
                        United States Magistrate Judge

Dated: 18 October, 2005

cc:   The Hon. Joy Flowers Conti
      United States District Judge

      W. Gregory Rhodes, Esquire
      Klett, Rooney, Lieber & Schorling
      One Oxford Centre
      40th Floor
      Pittsburgh, PA 15219

      Jacqueline R. Morrow, City Solicitor
      John G. Shorall, II, Associate City Solicitor
      Matthew F. Dolfi, Assistant City Solicitor
      City of Pittsburgh Department of Law
      313 City-County Building
      414 Grant Building
      Pittsburgh, PA 15219

      Samuel H. Simon, Esquire
      Houston Harbaugh, P.C.
      Three Gateway Center, 22nd Floor
      401 Liberty Avenue
      Pittsburgh, PA 15222

      Arthur J. Murphy, Jr., Esquire
      Donald G. Lucidi, Esquire
      Murphy Taylor, L.L.C.
      326 Third Avenue
      Pittsburgh, PA 15222