```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NORFOLK SOUTHERN RAILWAY COMPANY,   )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 04-1808
                                    )
CITY OF PITTSBURGH,                 )   Judge Conti
                                    )   Magistrate Judge Hay
        Defendant.                  )
_____

CITY OF PITTSBURGH,                 )
                                    )
        Third-Party Plaintiff,      )
                                    )
        v.                          )
                                    )
CHARLES L. DESMONE & ASSOCIATES     )
tdba DESMONE &  ASSOCIATES          )
ARCHITECTS,                         )
                                    )
        Third-Party Defendants.     )
_____

CHARLES L. DESMONE & ASSOCIATES     )
tdba DESMONE & ASSOCIATES           )
ARCHITECTS,                         )
                                    )
        Fourth-Party Plaintiff,     )
                                    )
        v.                          )
                                    )
MAZZA ENGINEERING ASSOCIATES,       )
Inc.,                               )
        Fourth-Party Defendant      )
_____
```

                    REPORT AND RECOMMENDATION

I.   RECOMMENDATION

        It is respectfully submitted that the City of

Pittsburgh's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)

(dkt. no. 77) should be denied.

II.   REPORT

Plaintiff Norfolk Southern Railway Company ("Norfolk Southern") filed a tort action[1] against Defendant City of Pittsburgh (the "City") and, subsequently, a Motion for Preliminary Injunction asserting the need for injunctive relief to abate an alleged dangerous and life-threatening condition on the City's property, namely the unstable hillside immediately above Norfolk Southern's property on which several landslides had occurred causing damage to Norfolk Southern's property and creating a private nuisance.  On August 31, 2005, the district court issued an order granting the motion for preliminary injunction and subsequently ordered Norfolk Southern to post an injunction bond in the amount of $2.2 million.  Norfolk Southern posted the bond.

The City filed an appeal of the injunction order with the United States Court of Appeals for the Third Circuit and, thereafter, moved pursuant to Red.R.Civ.P. 62(c)[2] to suspend the

---

[1]   The Complaint asserted a claim of public nuisance (Count I), private nuisance (Count II) and negligence (Count III).  The district court dismissed Count I at the time it entered the preliminary injunction.

[2]   Rule 62(c) provides in pertinent part:

> **(c)   Injunction Pending Appeal**.  When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

2

injunction pending disposition of the appeal. This Court issued a Report and Recommendation that the district court should deny the request for a stay, which matter is presently pending before the district court judge.

The City has now moved the Court pursuant to Fed.R.Civ.P. 60(b)[3] to reconsider its decision granting the preliminary injunction and to fashion an alternative solution to remediate the hillside above Norfolk's tracks at Corfu Street. The City argues that in the time since the issuance of the August 31, 2005 Court Order granting Norfolk's Motion for Preliminary Injunction, circumstances have changed at the Corfu Street site that render the remedial proposals ordered inappropriate.[4] Further, the City asserts that requiring it to proceed with either of the previously ordered remedial proposals will result in an unjust expenditure of funds.

Specifically, the City asserts that in the time since the August 31, 2005 Order, occupants of Corfu Street have vacated

---

[3]   Rule 60(b) provides in pertinent part that

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \*   \*   \*
>
> (6) any other reason justifying relief from the operation of the judgment.

[4]   Because the injunction hearing record closed on June 9, 2005, the Court makes no findings as to these "facts."

their properties.  The City is apparently attempting to purchase these properties.  The end result seems to be that the City will abandon Corfu Street and, therefore, the City asserts that the remedial proposals previously obtained by it for the purpose of supporting Corfu Street for habitation are no longer appropriate.  The City claims that a new engineering proposal is required "to address the intent of the Order of Court."  City's Brief in Support of its Rule 60(b) motion, p.6.

By its express terms, Rule 60(b) applies to a final judgment, order or proceeding; Rule 60(b) does not apply to an order granting a preliminary injunction. Commonwealth of Pennsylvania v. Flaherty, 760 F.Supp. 472, 477 (W.D.Pa. 1991). There can be no question that the Court's August 31, 2005 Order granting a preliminary injunction is an interlocutory order and, thus, is not subject to Rule 60(b).

Moreover, inasmuch as the City has appealed the interlocutory order to the Third Circuit, the district court is divested of jurisdiction over the matters appealed. See, e.g., SEC v. Investors Security Corp., 560 F.2d 561, 568 (3d Cir. 1977).  The district court may not "consider new evidence or adjudicate rights directly involved in the appeal." Robb Container Co. v. Sho-Me Co., 566 F.Supp. 1143, 1158 (D.C. Ill. 1983).  This is precisely what the City asks this Court to consider and adjudicate.

4

Although the district court retains certain powers over injunctions pursuant to Rule 62(c) during the pendency of the appeal, including the entry of a stay, those powers do not include reopening the case to receive new evidence and to reconsider the previously decided motion.  The City has already moved for a stay, which is pending before the district court judge and which appears to be the only motion available to the City under the circumstances in the district court.

For the above-stated reasons, the district court should deny the City's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b) (dkt. no. 77).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

By the Court,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 2 November, 2005

cc:   The Hon. Joy Flowers Conti
      United States District Judge

W. Gregory Rhodes, Esquire
Klett, Rooney, Lieber & Schorling
One Oxford Centre
40th Floor
Pittsburgh, PA 15219

Jacqueline R. Morrow, City Solicitor
John G. Shorall, II, Associate City Solicitor
Matthew F. Dolfi, Assistant City Solicitor
City of Pittsburgh Department of Law
313 City-County Building
414 Grant Building
Pittsburgh, PA 15219

Samuel H. Simon, Esquire
Houston Harbaugh, P.C.
Three Gateway Center, 22nd Floor
401 Liberty Avenue
Pittsburgh, PA 15222

Arthur J. Murphy, Jr., Esquire
Donald G. Lucidi, Esquire
Murphy Taylor, L.L.C.
326 Third Avenue
Pittsburgh, PA 15222